UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-49556-399 |
| | ) | |
| RONALD WILLIAM MOORE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **MOTION TO COMPEL** |
| | ) | **TURNOVER** |
| TRACY A. BROWN, | ) | |
| | ) | |
| Chapter 7 Trustee, | ) | |
| vs. | ) | Hearing Date:  March 11, 2015 |
| | ) | Hearing Time:  1:00 p.m. |
| | ) | Response Due:  March 4, 2015 |
| RONALD WILLIAM MOORE, | ) | Hearing Location:  Courtroom 5 North |
| | ) | |
| Debtor/Respondent. | ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 11th day of March 2015, at the hour of 1:00 p.m., or as soon thereafter as counsel can be heard, the undersigned will call for hearing in this Court the Trustee's Motion to Compel Turnover, in United States Bankruptcy Court, Courtroom 5 North, 5th Floor, 111 S. 10th Street, St. Louis, MO 63102.  You may be present at that time and be heard.

**WARNING: A written response must be filed with the Clerk, US Bankruptcy Court, 111 S. 10th Street, 4th Floor, St. Louis, MO 63102 and a copy served upon the undersigned by March 4, 2015. (See L.B.R. 9013-1 B).  Failure to timely file a written response may result in the Court granting the relief requested prior to the hearing date.**

### MOTION TO COMPEL TURNOVER WITH SANCTIONS

COMES NOW Tracy A. Brown, duly appointed Trustee herein, by and through her undersigned attorney, and for her Motion to Compel, respectfully states to this Honorable Court as follows:

1. This court has Jurisdiction over the subject matter of this proceeding pursuant to U.S.C. §§ 151, 157 and 1334, and Local Rule 9.01 of the United States District Court, Eastern District of Missouri.

2. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (E), which the Court may hear and determine.

3. On or about December 9, 2014, Ronald Moore ("Debtor") filed a Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

4. Tracy A. Brown is the duly appointed and acting Chapter 7 Trustee herein.

5. Pursuant to 11 U.S.C. §521 (3), (4); 542(a) and Federal Rule of Bankruptcy Procedure 4002(4), the Debtor is obligated to cooperate with the Trustee in the administration of the estate and to surrender to the Trustee all property of the estate, including but not limited to all documents, papers, records and information.

6. Debtor's Meeting of Creditors was held January 9, 2014.

7. Trustee discovered and determined that there are non-exempt assets that belong to the bankruptcy estate and that must be turned over as well as more information needed in order to determine if other non-exempt assets should be turned over. Specifically, the Trustee has requested the following:

a. Turnover of the three watches enumerated in Debtor's schedule B;

b. Turnover of the refund money from Boone Valley Golf Club. If the Debtor does not have the re-issued check then a confirmation that the check has been requested and an estimated date of the re-issuance of the refund.

c. Photographs of the wine, including photos of the labels, detailed in Schedule B. We also ask for a written detailed history of how the wine has been stored, how the wine is currently stored, and how much he paid for the wine.

d. Information regarding the real estate inherited from his mother. Specifically, we request proof of outstanding tax debts or any other debts encumbering this property as well as information regarding who has paid the real estate taxes on this property to this date.

e. Information regarding his brother's heirs. Specifically we request the name(s),

address(es), and/or *any* information known regarding other co-owners of any property owned by Debtor and any heirs of his mother and brother.

    f.      The name of the entity owning mineral rights payable to his mother's heirs. Additionally, we request any information regarding the existence, the purchase, the distribution and the payment for/of mineral rights on property owned by Debtor.

    g.      The address for the Van Zandt County property as well as information regarding whether anyone is currently living in the mobile home located thereon. If the property is occupied, information regarding the tenant and whether rent is being paid and to whom it is paid.

    h.      Any information regarding the lawsuit in Jack County including any and all notices regarding a judgment and the names of those entities served with the lawsuit.

    i.      Documentation regarding rollover of funds from Principal Life Insurance Company.

    j.      Documentation regarding his account with Fidelity Investments, specifically that show account balances, transfers, and payments for the twelve months prior to December 9, 2014.

    k.      We request a copy of Debtor's 2014 state and federal tax returns.

    l.      Debtor claims on Schedule I income from Social Security as his sole source of income. Debtor also claims rent to Mansions on the Plaza that amounts to 92% of that income. The Trustee requests an affidavit from Debtor explaining any other sources of income and/or an explanation of how he manages to continue monthly payments of $2,325 for rent, $590 for a car (plus insurance), $800 for food, and $553 for health insurance as well as his other expenses listed on Schedule J.

    8.      The Trustee, by way of below signed counsel, has made several requests for

information as well as for turnover particular assets. Debtor has given general responses and no particulars. Further, despite repeatedly requesting that Debtor come in and turn over property by a particular date, Debtor has refused to comply.

9. As a direct result of Debtor's failure to provide the information and/or property requested, the Trustee has incurred expenses and attorney's fees, which would not have been incurred had Debtor simply cooperated with the Trustee and provided the information and/or property as and when requested.

WHEREFORE, Trustee respectfully requests that this Honorable Court enter an Order compelling the Debtor to: (i) turnover the property listed in paragraph 7(a) and (b) above within 7 days after an order approving this Motion, (ii) turnover all the information detailed in paragraph 7(c) through (l) above, within seven (7) days after entry of an Order approving this Motion, and compelling Debtor to pay the Trustee's attorney's fees of $600.00 and costs expended herein, and granting such other relief as is just and proper.

                The Law Office of Tracy A. Brown, P. C.

By: /s/ Tara L. Jensen
Tara L. Jensen, #47144MO
Attorney for Trustee
1034 S. Brentwood Blvd, Suite 1830
St. Louis, MO 63117
tjensen@bktab.com
(314) 644-0303
(314) 644-0333 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served either through the Court's ECF system or by regular mail this 13th day of February 2015 on the following:

Ronald W. Moore
8300 Delmar Blvd., Unit 516
St. Louis, MO 63124
Debtor

Robert Briedenbach
Goldstein and Pressman
10326 Old Olive Street Road, Suite 101
St. Louis, MO 63141
Debtor's Counsel

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

/s/    Tara L. Jensen
Tara L. Jensen