**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) In Proceedings Under Chapter 7 |
| | ) |
| **RONALD WILLIAM MOORE,** | ) Case No.: 14-49556-399 |
| | ) |
| Debtor. | ) **MOTION TO APPROVE COMPROMISE** |
| | ) **AND SETTLEMENT OF BANKRUPTCY** |
| | ) **ESTATE'S      CLAIMS      AGAINST** |
| | ) **RECEIVER,  PURSUANT  TO  11  U.S.C.** |
| | ) **§542(a)** |
| | ) |
| | ) **Response Date:  May 14, 2015** |
| | ) **Hearing Date:  June 3, 2015** |
| | ) **Hearing Time:  2:00 p.m.** |
| | ) **Hearing Location:  5 North** |
| | ) |
| | ) **Robert E. Eggmann, Esq.** |
| | ) **Desai Eggmann Mason LLC** |
| | ) **7733 Forsyth Boulevard, Suite 800** |
| | ) **St. Louis, Missouri 63105** |
| | ) **(314) 881-0800** |
| | ) **reggmann@demlawllc.com** |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF BANKRUPTCY**
**ESTATE'S CLAIMS AGAINST RECEIVER, PURSUANT TO 11 U.S.C. § 542(a)**

COMES NOW Milhouse & Neal, LLP, solely in its capacity as Receiver for Ronald

William Moore ("Receiver"), by and through its counsel, and moves this Court for an Order

approving the compromise and settlement of the bankruptcy estate's claims against the Receiver.

As grounds for this motion, the Receiver respectfully states as follows:

      1.     This Court has jurisdiction to hear and determine this matter pursuant to 28

U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a "core" proceeding under 28 U.S.C. § 157(b).

      2.     On or about December 9, 2014, Debtor Ronald William Moore ("Debtor") filed a

voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division.

3.      Tracy Brown is the duly appointed and qualified Trustee of the Debtor's bankruptcy estate ("Trustee").

4.      Debtor is a party to certain federal court litigation in the case styled *Bancorpsouth Bank v. RVM Properties II, LLC*, et al., cause no. 4:11-CV-00373-JCH, which case is currently pending before the United States District Court for the Eastern District of Missouri (the "District Court Case"), wherein Debtor is a Defendant and Bancorpsouth Bank (the "Bank") is the Plaintiff.

5.      On April 23, 2013, an Order was entered in the District Court Case in response to a motion filed by the Bank (the "Order"), appointing Receiver as receiver of all of the assets, both real and personal, of Ronald Moore, including the following:

> any businesses he owns an interest in, and to include, but is not limited to, all cash (notes and coins), leases, rents, stock certificates, earnest money and security deposits, profits and other incomes, purchase contracts and/or leases, rental payments, lease payments, late payments, rent rolls, royalties, receivables, books, papers, accounts, deposits, equities, insurance payments, condemnation awards, accounts receivable, bank accounts, operating accounts, records, files, reports, studies, options, contracts, agreements, permits, licenses, taps, checks, drafts, notes, documents, fixtures, furniture, appliances, supplies, construction materials, goods, equipment, inventory, tax refunds, all intellectual property, motor vehicles, water craft, motorcycles, country club memberships, private club memberships, golf club memberships and other things and articles of any and all types and kinds except for Ronald W. Moore's Social Security payment which the Court has already permitted him to use for his personal living expenses.

A copy of the Order is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

6.      Receiver is currently holding the sum of $119,814.96 in an escrow account in the name of the receivership (the "Receivership Account") and there are no outstanding liabilities of the receivership, other than attorney's fees owing to counsel for the receiver and those

2

professional fees which will be necessarily incurred by the Receiver in completing his final accounting to the District Court.

7.      Upon information and belief, the entire sum held in the Receivership Account constitutes property of the bankruptcy estate.

8.      Receiver seeks authority, pursuant to 11 U.S.C. § 542, to turnover to the Trustee on behalf of the estate any and all property in the Receivership Account as of the date of this Court's Order approving such request, less that sum necessary to pay the Receiver's fees in accordance with the Order and the Receiver's reasonable attorney's fees, in an aggregate amount not anticipated to exceed $5,000.00.

9.      Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that the Court may approve a compromise or settlement after notice and a hearing.

10.     Receiver and Trustee believe that it is in the best interest of the bankruptcy estate and parties concerned that the Court approves this compromise and settlement in resolution of the instant proceeding.

11.     Upon entry of this Court's Order, Receiver will file in the District Court Case a Motion to Terminate the Receivership and to discharge it as receiver.

WHEREFORE, Receiver prays that the Court enter its Order approving the settlement with Trustee and authorizing the compromise and settlement of the bankruptcy estate's claims against the Receiver in exchange for the turnover and settlement of property of the bankruptcy estate as set forth hereinabove, pursuant to 11 U.S.C. § 542, and for such other and further relief as the Court deems just and proper.

2

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ Robert E. Eggmann
ROBERT E. EGGMANN #37374MO
7733 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
(314) 881-0800
Fax No. (314) 881-0820

ATTORNEYS FOR RECEIVER
MILHOUSE & NEAL, LLP

TRACY BROWN, TRUSTEE

By: /s/ Tracy A. Brown
TRACY A. BROWN #47074MO
1034 S. Brentwood Blvd., Suite 1830
St. Louis, MO 63117
(314) 644-0303
Fax. No. (314) 644-0333

CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid, this 23rd day of April, 2015, upon: **Robert A. Breidenbach, Esq.**, Goldstein and Pressman, 10326 Old Olive Street Road, St. Louis, MO 63141; **Tracy A. Brown, Trustee**, 1034 S. Brentwood Blvd., Suite 1830, St. Louis, MO 63117; **Bruce D. LeMoine, Esq.**, 7700 Forsyth Blvd., Suite 1800, St. Louis, MO 63105; **Angela Lynn Odlum, Esq.**, 7700 Forsyth Blvd., Suite 1800, St. Louis, MO 63105; the **Office of the U.S. Trustee**, 111 South 10th Street, Suite 6353, St. Louis, MO 63102; and to any and all parties receiving electronic notice.

/s/ Robert E. Eggmann

# EXHIBIT A

## Order Appointing Receiver

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 1 of 16 PageID #: 1412
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 1 of 16 PageID #: 1320

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

BANCORPSOUTH BANK, a Mississippi )
State Bank, )
                       )
        Plaintiff, )
                       )     Cause No.: 4:11-CV-00373-JCH
vs. )
                       )
RWM PROPERTIES II, LLC, a Missouri )
limited liability company, and RONALD )
W. MOORE, individually, )
                       )
        Defendants. )

### ORDER APPOINTING RECEIVER

BancorpSouth Bank filed a motion under 28 U.S.C. § 754 and §

3202(e), Rule 66 of the Federal Rules of Civil Procedures, federal common

law and this Court's inherent equitable powers to appoint a receiver to

assume custody and control over the assets of Defendants Ronald W. Moore

("Moore") and RWM Properties II, LLC ("RWM") frozen by the Court's Order

of December 13, 2012. The appointment of a receiver in a diversity case is

a procedural matter governed by federal law and federal equitable principles.

Fed.R.Civ.P. 66; *Aviation Supply Corp.*, 999 F.2d at 316; *see also Nat'l*

*Partnership Investment Corp. v. Nat'l Housing Development Corp.*, 153 F.3d

1289, 1292 (11th Cir. 1998). The Court should apply federal law since the

Court has diversity jurisdiction over this matter.

The decision to appoint a receiver requires a consideration of the

equities, but there is no precise formula for determining whether

appointment is warranted. *Aviation Supply*, 999 F.2d at 316. The strict pre-

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 2 of 16 PageID #: 1413
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 2 of 16 PageID #: 1321

judgment standards for appointing a receiver are not applicable to requests made post judgment. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1188-1189 (11th Cir. 1991). The Eighth Circuit suggests the following factors when considering a post judgment appointment of a receiver:

> "a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic remedy; and likelihood that appointing the receiver will do more good than harm."

*Aviation Supply*, 999 F. 2d at 316-317. All of these factors weigh in favor of the appointment of a receiver in this case.

On December 13, 2012, this Court found Moore in contempt and ordered him to fully and completely respond to the Bank's post judgment interrogatories and request for production. (ECF #91)  This Order was the result of campaign by Moore to avoid providing the Bank with any information on his assets and income by means of an untimely blanket assertion of his privilege against self-incrimination that was first mentioned by Moore on July 18, 2012 (ECF #59) and ultimately overruled on September 10, 2012. (ECF #63) Moore now discloses that during that time interval, he received $232,158.11 from an overseas investment in August, 2012.  These funds do not show up on any of the bank and investment account records Moore produced in compliance with the December 13, 2012 Order.  In addition, his sworn answers to the Bank's post judgment interrogatories as to the identity of his business investments does not

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129-2   Filed: 04/23/13   Page: 3 of 16 PageID #: 1414
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 3 of 16 PageID #: 1322

include business entities listed in his tax returns. There is also the questionable relationship between the parties Moore sold his condominium to and their leasing that condominium back to Moore. Some of these individual are involved as managers of RCP Advisors, LLC, which is one of the business investments Mr. Moore did not disclose in his sworn answers to interrogatories.

The foregoing establishes two of the factors of *Aviation Supply* - the probability that fraudulent conduct has occurred or will occur to frustrate that claim; and imminent danger that property will be concealed, lost, or diminished in value. It is clear from Mr. Moore's conduct that the Bank lacks an adequate remedy at law and that there is no less dramatic remedy available to the Bank to protect it from Mr. Moore's conduct since he has shown a willingness to hide his assets thus satisfying two more requirements of *Aviation Supply* – inadequate remedy at law and lack of a less drastic remedy. Appointing a receiver will also do more good than harm since it will result in an earlier resolution of this matter than without it thereby avoiding the game Mr. Moore has been playing with the Court and the Bank. The *Aviation Supply* factor that the appointment of a receiver do more good than harm is thus satisfied. Finally the Bank, holder of two valid judgments from this Court, satisfies the final *Aviation Supply* factor of a valid claim against Moore.

The Court concludes that a receiver should be appointed immediately in accordance with the terms set forth below to take charge and control of the assets of Ronald W. Moore.

1.      Milhouse & Neal, LLP, is hereby appointed receiver ("Receiver") herein of all of the assets, both real and personal, of Ronald W. Moore, including any businesses he owns an interest in, and to include, but is not limited to, all cash (notes and coins), leases, rents, stock certificates, earnest money and security deposits, profits and other incomes, purchase contracts and/or leases, rental payments, lease payments, late payments, rent rolls, royalties, receivables, books, papers, accounts, deposits, equities, insurance payments, condemnation awards, accounts receivable, bank accounts, operating accounts, records, files, reports, studies, options, contracts, agreements, permits, licenses, taps, checks, drafts, notes, documents, fixtures, furniture, appliances, supplies, construction materials, goods, equipment, inventory, tax refunds, all intellectual property, motor vehicles, water craft, motorcycles, country club memberships, private club memberships, golf club memberships and other things and articles of any and all types and kinds except for Ronald W. Moore's monthly Social Security payment which the Court has already permitted him to use for his personal living expenses.

2.      Receiver shall post a bond in the penal sum of $ 1,000.00. The filing of Receiver's bond with this Court shall take place within ten (10)

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129-1 Filed: 04/23/13   Page: 5 of 16 PageID #: 1416
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 5 of 16 PageID #: 1324

business days after the entry of this Order. The Bond may be supplied by the Plaintiff through its insurance subsidiary.

3.     Within seven (7) days of the Receiver posting the bond, Ronald W. Moore shall provide the Receiver at the office of the Receiver or another place designated by the Receiver a complete disclosure of all of the assets of Ronald W. Moore, including that of any of his businesses, along with a description of each asset, the location of the asset, the estimated value of the asset, any liens or encumbrances on the asset and the name and address of the person or entity holding or claiming any lien or encumbrance on the asset, whether he claim its subject to any exemption or immunity and sufficient information regarding the basis for that claim that will assist the Receiver in evaluating the status of the asset.

4.     Ronald W. Moore and all persons and/or entities that possess, control, manage or otherwise are involved with his assets or the assets of any business owned by him (including, but not limited to, employees, officers, shareholders, members, managers, affiliates, banks, brokers, accountants, landlords and/or any other agent) shall:

    (a)   Deliver immediately to Receiver or its agents all of the assets, properly endorsed to Receiver when requested;

    (b)   Deliver immediately to Receiver upon written demand: (a) a complete set of keys to any real property owned by Ronald W. Moore and/or any of his businesses and a letter identifying each person or entity who currently has one or more keys to the property; (b) any and all records and information it or they may have concerning the property, including, without limitation, all

Case 14-49556    Doc 35    Filed 04/23/15    Entered 04/23/15 14:23:40'    Main Document
Case: 4:11-cv-00373-JCH    Doc. #: 129    Filed: 04/23/13    Page: 6 of 16 PageID #: 1417
Case: 4:11-cv-00373-JCH    Doc. #: 111-8    Filed: 02/21/13    Page: 6 of 16 PageID #: 1325
Pg 11 of 21

written and electronic books, records, correspondence, and other information related to the property in their possession;

(c)    Deliver immediately to Receiver upon written demand: (a) all cash on hand; (b) all cash equivalents and negotiable instruments (such as checks, notes, drafts or other related documents or instruments); and (c) all sums held in accounts in any financial institutions;

(d)    Ronald W. Moore shall turn over to Receiver any computer and any other electronic media storage device he owns, leases or uses that contains any financial information on himself or any of his businesses or investments, financial accounts and assets together with passwords needed to access all records and files maintained on any computer, server or other electronic device along with the documents produced in paragraph 3 above; if the information is stored on a server or other data storage system and accessed by means of his computer, smart phone or other electronic devise, then he shall provide Receiver with information to access that information;

(e)    Answer under oath to Receiver all questions regarding any assets or financial information regarding Ronald W. Moore or in reference to any other matter consistent with this Order if necessary, and in the event that Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information or any other form of discovery concerning the assets, property or business assets of Ronald W. Moore, or any other matter relevant to his assets and/or finances, Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to Receiver, produce documents or submit to any other form of discovery on the date, time and place designated therein, provided that Ronald W. Moore would not be required to turn over any documents protected from disclosure by either the attorney-client privilege or the attorney work product privilege;

(f)    Immediately sign or execute any document necessary to allow Receiver to carry out the duties set forth herein.

5.    The Receiver is herein granted a judicial lien on all non-exempt assets of Ronald W. Moore, regardless of whether the Receiver takes actual

Case 14-49556    Doc 35    Filed 04/23/15    Entered 04/23/15 14:23:40    Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129  Filed: 04/23/13   Page: 7 of 16 PageID #: 1418
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 7 of 16 PageID #: 1326

possession and regardless of where they are located or who has possession of them.

6.    Pursuant to 28 U.S.C. § 754, the Receiver's right to possession and custody of the property of Ronald W. Moore includes assets located anywhere in the United States and Receiver shall have standing to bring any legal or equitable action in any district court to enforce this Order.

7.    Upon presentation of a copy of this Order, all banks and financial institutions must provide copies to Receiver of any requested records regarding accounts related to Ronald W. Moore and the term "banks" shall have its broadest meaning to include, but not limited to, banks with national and state charters, credit unions, savings and loans and savings banks.

8.    Receiver shall have the power to issue demands for the freezing and turnover of funds upon any financial institution that Receiver has determined is a depository of funds belonging to or arising from Ronald W. Moore, whether such accounts be titled in the name of Ronald W. Moore or not.

9.    Receiver shall have the authority to close any bank or financial institution account in the name of Ronald W. Moore or change the name on said account to that of the Receiver or to open new accounts in the name of the Receiver for the purpose of holding funds obtained under this Order.

10.   Receiver shall have the power to issue demands in the name of the receivership upon the United States Postal Service or any other public or

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129-1   Filed: 04/23/13   Page: 8 of 16 PageID #: 1419
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 8 of 16 PageID #: 1327

private entity to gain exclusive possession and control of such postal boxes as may have been used by Ronald W. Moore or his agents for the receipt of income and other mail related to his assets and shall be authorized to open all such mail from any bank or financial institution, broker, financial planner or other business entity identified as owned by or invested in by Ronald W. Moore in his answers to interrogatories in this matter or in his income tax returns or as otherwise established by the Receiver and to deliver all other mail to Ronald W. Moore or his designated agent.

11.    Receiver is granted the authority by this Order to obtain credit reports, conduct bank searches, and other reports to aid in locating non-exempt assets.   Receiver may order any Consumer Reporting Agency, as defined by the Fair Credit Reporting Act ("FCRA") 16 USC § 1681b(f) to provide consumer reports on Ronald W. Moore as allowed under FCRA 15 USC § 1681b(a)(1).

12.    Receiver is granted the authority by this order to obtain from providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email hosts, ICANN providers, satellite television services, and all similar services (including ComCast, AT&T, Verizon, Sprint, and Direct TV), and financial institutions to turnover information that the Receiver believes may prove or lead to the discovery of the existence or location of a Defendant's whereabouts or non-exempt assets, including account information, telephone numbers, names, service

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 9 of 16 PageID #: 1420
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 9 of 16 PageID #: 1328

addresses, telephone numbers, payment records, and bank and credit card information. This Order specifically serves as the Court Order required by 47 USC § 551 and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer to the Receiver.

13.    Receiver shall take all actions necessary to gain access to, and enter all real property, leased premises, storage facilities, places of business and safe deposit boxes where any non-exempt property or records of Ronald W. Moore may be situated, and to seize the contents.

14.    Receiver has the authority to secure control over all non-exempt property, and engage in presale activities, including appraisals, evaluations, listing agreements and advertising agreements. Receiver may transfer title into the receivership or place a hold on the title of personal and intangible property.

15.    Receiver has the authority to disable or remove any non-exempt property belonging to Ronald W. Moore or to place the property into storage; insure any property taken into his possession; obtain such writs as Receiver deems necessary to obtain possession; and change the locks to premises belonging to the Defendant. However, the Receiver has no duty to take these actions, or to maintain, guard, or insure property taken into his custody, or to maintain or pay any lease, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any

Case 14-49556    Doc 35    Filed 04/23/15    Entered 04/23/15 14:23:40    Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Pg 15 of 21   Filed: 04/23/13   Page: 10 of 16 PageID #: 1421
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 10 of 16 PageID #: 1329

tax or fee, file any tax returns, maintain any insurance coverage or have any obligation except as specifically ordered.

16.    Receiver has the authority to hire any person, firm or company as needed to further any remedies available to Receiver, including hiring any person to:  change locks to any premises belonging to Ronald W. Moore or any of the businesses that he owns so as to exclude any person interfering with the Receiver's custody of the premises, moving and/or storing any property belonging to Ronald W. Moore, collecting all accounts receivable, or sell any non-exempt property of Ronald W. Moore and to retain any expert assistance to further its duties under this Order.

17.    Receiver has the authority to endorse and cash all checks and negotiable instruments payable to Ronald W. Moore, except checks that are subject to any immunity or exemptions and have copies of all accounts of Ronald W. Moore sent to him by any bank, savings and loan, credit union or investment brokerage.

18.    Receiver has the authority to assume that property and funds are  not exempt or immune from seizure or levy until the person claiming the exemption states the exemption claimed, the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable could levy upon it.  If there is any dispute whether an asset is exempt, or property of Ronald W. Moore, the Receiver is authorized to take

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 11 of 16 PageID #: 1422
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 11 of 16 PageID #: 1330

custody of the asset until the Court determines the rights of those claiming an interest in the asset.

19.  Receiver has the authority to use any means for executing upon or levying against any non-exempt asset of Ronald W. Moore available under federal or state law, to advertise for sale any non-exempt asset of Ronald W. Moore or cause an auction to be conducted on any non-exempt asset or assets of Ronald W. Moore and to pay the expenses for the sale of the asset or assets from the proceeds of the sale and to deliver the remainder to Plaintiff upon approval of the Court.

20.  Receiver may seek the assistance of counsel of record for the Plaintiff in the issuance of any execution or levy under paragraph 19 or with the execution of any of its authority under this Order or may, with approval of the Court, retain its own legal counsel to represent the Receiver in this matter.

21.  Receiver shall have authority to bring any action available to a Receiver appointed by a state court in Missouri; including, but not limited to, actions under Sections 428.024 and 428.029 R.S.Mo. to obtain any remedies provided for under Missouri State law for those actions.

22.  Receiver may obtain insurance, if it deems it desirable, in such amounts, with such companies to be selected by the Receiver to insure against such risks, as Receiver deems necessary to protect any non-exempt

Case 14-49556    Doc 35    Filed 04/23/15    Entered 04/23/15 14:23:40    Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 12 of 16 PageID #: 1423
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 12 of 16 PageID #: 1331

assets until either sold by the Receiver or released by the Receiver to Ronald W. Moore.

23.    Receiver shall have the power to exercise such other necessary or usual powers of court-appointed receivers under Federal law and the law of the State of Missouri as are reasonably necessary to fulfill its duties under this Order.

24.    Receiver shall have such other powers as the Court may grant.

25.    Notwithstanding any other provision hereof, Receiver shall be under no obligation to complete or file tax returns on behalf of Ronald W. Moore for income or other taxes arising before the date of this Order.  For the duration of his appointment, Receiver shall furnish Ronald W. Moore with such accounts, books and records within Receiver's custody or control as reasonably may be necessary in order for Ronald W. Moore to complete and file tax returns.

26.    Receiver shall not, by the exercise of his authority under this Order, be deemed to own or hold title to the real property or to possess, control or hold title to the subsurface of any property, or any hazardous waste or hazardous substance. The terms "hazardous waste" and/or "hazardous substance" means those substances which are regulated by, or form the basis of liability under any federal, state or local environmental laws, including, without limitation, asbestos, polychlorinated biphenyls ("PCB Settle Inns") and radioactive substances or any other material or substance

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129 Filed: 04/23/13   Page: 13 of 16 PageID #: 1424
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 13 of 16 PageID #: 1332

which has in the past, or could in the future, constitute a health, safety or environmental risk.

27. During the pendency of this receivership, all creditors and other persons seeking possession or control over any asset of Ronald W. Moore (except for governmental authorities exercising their police powers to protect public health or safety and except for Plaintiff), and all others acting on behalf of Ronald W. Moore and any of his businesses, their officers, directors, members, agents and employees, and all other persons acting at their direction or in concert with persons allegedly acting on Ronald W. Moore's behalf, including sheriffs, marshals and all other officers and deputies, and their respective attorneys, servants, agents and employees, shall be temporarily stayed and restrained from doing anything to interfere with the duties of the Receiver under this Order.

28. Receiver shall be authorized to register this Order with the appropriate government offices and courts and to serve a copy hereof on any person or entity who Receiver reasonably believes to be in control of any assets of Ronald W. Moore or his businesses.

29. Ronald W. Moore, his agents, representatives and employees are enjoined and restrained from (a) interfering with Receiver, directly or indirectly, in the exercise of its duties under this Order (b) extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 14 of 16 PageID #: 1425
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 14 of 16 PageID #: 1333

part of his assets, other than his monthly Social Security Income payment or any other asset Receiver has determined to be exempt or Immune from execution under Missouri law without the prior written consent of Receiver; provided, however, that Receiver or Plaintiff shall not be restrained or prohibited from initiating and/or completing a sale by judicial or non-judicial foreclosure or sale of any non-exempt assets of Ronald W. Moore; and (d) doing any act that will, or that will tend to, impair, defeat, divert, prevent or prejudice the preservation of his assets or the interest of Plaintiff in those assets.

30.    No fees and expenses incurred in relation to Receiver's general office administration or overhead, including office supplies, employee wages, taxes and benefits and other charges shall be an expense of the receivership estate unless incurred directly and solely for the benefit of the receivership estate.

31.    No obligation incurred by Receiver in the good faith performance of his duties in accordance with the orders of this Court, whether arising in tort, contract or otherwise, shall be Receiver's obligation. Rather, the recourse of any persons or entity to whom Receiver becomes obligated in connection with the performance of his duties and responsibilities shall be solely against the assets of the receivership estate.

32.    Receiver may at any time file a motion requesting that it be exonerated, discharged and released from his appointment as Receiver.

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH  Doc. #: 128-9 Filed: 04/23/13  Page: 15 of 16 PageID #: 1426
Case: 4:11-cv-00373-JCH  Doc. #: 111-8  Filed: 02/21/13  Page: 15 of 16 PageID #: 1334

33.    Every ninety (90) days, Receiver shall account to the Court for all sums received and expenditures made in association with the receivership and provide copies of such reports to the parties to this action.

34.    Plaintiff and its attorneys shall have access to any records or documents obtained by the Receiver pursuant to this Order.

35.    Plaintiff and its attorneys shall have the right to be present for any examinations conducted by the Receiver of Ronald W. Moore or any other person under paragraph 4 of this Order.

36.    Receiver shall serve until the earlier of: (a) Receiver's voluntary or involuntary relinquishment of its duties pursuant to an order of this Court; or (b) upon written request at any time by Plaintiff.

37.    In the event that the rights and powers granted to Receiver are terminated prior to the completion of its duties under this Order, this Court shall *ex parte* appoint a replacement receiver nominated by Plaintiff subject to the Court's right to confirm the qualifications of such nominee.

38.    Upon termination of the receivership, Receiver shall wind up receivership affairs and distribute all receivership income.  Within sixty (60) days of the termination of the receivership, Receiver shall file a final accounting report with the Court and submit a copy to Plaintiff along with all other parties who may enter their appearance in this action.  If no objections to the final accounting and report have been filed within fifteen (15) days of the filing of the final accounting and report, the final accounting and report

Case 14-49556   Doc 35   Filed 04/23/15   Entered 04/23/15 14:23:40   Main Document
Case: 4:11-cv-00373-JCH   Doc. #: 129   Filed: 04/23/13   Page: 16 of 16 PageID #: 1427
Case: 4:11-cv-00373-JCH   Doc. #: 111-8   Filed: 02/21/13   Page: 16 of 16 PageID #: 1335

will be accepted by the Court and the Court will enter an Order discharging the Receiver.

39.   The Bank has agreed to create a fund of $25,000.00 that it will hold that the Receiver may draw upon to finance the Receiver's fees and expenses from the Receiver's efforts to fulfill its duties under this Order. Receiver shall file an itemized request for payment of its fee's and expenses with the Court.  The parties shall have five (5) days to file an objection to the request.  If no objection is filed within those five (5) days, then the Receiver shall be paid from the fund. The Bank may supplement the fund from time to time without further order from this Court.  The Court approves the Receiver charging an hourly fee of $*195.00* for the work of the Receiver to be charged against this fund.  The Bank may submit an itemized bill of these payments to the Court to be charged against Ronald W. Moore.

For the reasons stated herein, Plaintiff's Motion for Appointment of Receiver is granted under the circumstances and authority set forth above.

**SO ORDERED:**   This 23rd day of *April*, 2013.

_____
/HONORABLE JEAN C. HAMILTON

10779495v1  0919386