UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-49556 |
| RONALD WILLIAM MOORE, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Hearing: |
| ) | Judge: Hon. Barry S. Schermer |
| ) | Date: January 13, 2016 |
| ) | Time: 1:00 p.m. |
| ) | Location: Courtroom 5 North |
| ) | |
| _____ ) | |

### MOTION FOR DETERMINATION OF ATTORNEY-CLIENT PRIVILEGE

Comes now Chapter 7 Trustee Tracy A. Brown and states as follows for her *Motion for Determination of Attorney-Client Privilege*.

1. Tracy A. Brown ("Trustee") is the duly-appointed Chapter 7 Trustee for the estate of Ronald William Moore ("Debtor").

2. The Trustee is investigating pre-petition asset transfers engaged-in by the Debtor, and whether there may exist assets available for distribution to creditors.

3. Prior to the commencement of this case, a receiver was appointed over the Debtor's assets. *Bancorpsouth Bank v. RWM Properties II, LLC*, 4:11-cv-00373-JCH (E.D. Mo.) (ECF doc. # 129).

4. The Trustee is informed and believes that in connection with his duties, the receiver in 2013 obtained from the Debtor a mirror image of the Debtor's computer hard drive.

5. The receiver in October, 2015 provided a copy of that hard drive to the Trustee.

6. One of the documents on the hard drive (the "Memorandum") will, if court approval is given, be filed under seal as <u>Exhibit A</u>. On its face, the Memorandum appears to be a

SL 1744516.3

draft document reflecting a potential pre-petition communication from the Debtor to one of his attorneys not representing him here.

7. The Debtor's current counsel maintains that the communication is subject to the attorney-client privilege, because Debtor did not intend to waive the privilege by making the Memorandum available to the receiver. A copy of the e-mail from the Debtor's counsel to that effect is attached as <u>Exhibit B</u>, along with the e-mail by which the Trustee's counsel notified the Debtor's counsel he possessed the Memorandum.

8. Federal Rule of Evidence 502(b) provides that in a federal proceeding (such as the proceeding in which the receiver was appointed), a disclosure of otherwise-privileged information operates as a waiver of the attorney-client privilege unless all of the following are true: (1) the disclosure was inadvertent, and (2) the holder of the privilege took reasonable steps to prevent its disclosure, and (3) the holder promptly took reasonable steps to rectify the error, including following Fed. R. Civ. P. 26(b)(5)(B).

9. The Trustee is aware of no steps having been taken by the Debtor to prevent the Debtor's original disclosure to the receiver in 2013.

10. Despite that the Trustee's counsel notified the Debtor's counsel of the Trustee's possession of the Memorandum on November 3, 2015, neither the Debtor nor his counsel took any steps to rectify the purported error. Neither the Debtor nor his counsel requested the return or destruction of the Memorandum, nor sought relief from Court.

11. As a result of the foregoing, the attorney-client privilege appears to have been waived with respect to the Memorandum. *See, e.g.*, *Fidelity Nat. Title Ins. Co. v. Captiva Lake Inv., LLC*, 2015 WL 94560 *3 n.5 (E.D. Mo. Jan. 7, 2015) (inadvertent disclosure of privileged documents operated as waiver where disclosing party, after receiving notice of disclosure, "did

not respond to [the] notification by requesting return of any privileged documents that were inadvertently disclosed, [or seek] relief from the court.").

12. The attorney-client privilege here may also be waived on other grounds. Under the facts present here, the Trustee may have the ability to waive the privilege on behalf of the Debtor, and if she does, would hereby waive the same. *See, e.g.*, *Moore v. Eason (In re Bazemore)*, 216 B.R. 1020, 1023-24 (Bankr. S.D. Ga. 1998) (ability of Chapter 7 trustee of individual debtor's estate to waive privilege with respect to debtor's pre-petition communications with counsel to be determined on case-by-case basis); *In re Rice*, 224 B.R. 464, 470-71 (Bankr. D. Ore. 1998) (same). In the present case, the Debtor has received a discharge. The risk posed to Debtor's legitimate pecuniary interests if the Memorandum is disclosed appears to be minimal. While permitting the Trustee to use the Memorandum could benefit the estate, the relevant risks to the Debtor of permitting the Trustee to do so are slight.

WHEREFORE, Chapter 7 Trustee Tracy A. Brown respectfully requests that the Court declare the attorney-client privilege waived with respect to the Memorandum, and that the Court grant such other or additional relief as it deems just and appropriate.

Respectfully submitted,

/s/ Eric C. Peterson
Eric C. Peterson, EDMO #62429MO
Ryan C. Hardy, EDMO #62926MO
SPENCER FANE LLP
1 North Brentwood Blvd., 10th Floor
St. Louis, MO 63105
314-333-3937-9090 (direct)
Email:  epeterson@spencerfane.com
        rhardy@spencerfane.com
*Special Counsel to the Chapter 7 Trustee*

3

SL 1744516.3

## **CERTIFICATE OF SERVICE**

      I certify that on December 17, 2015, a true and correct copy of the above and foregoing was sent electronically to all parties requesting electronic notice, via the Court's CM/ECF System. The Notice of Electronic Filing indicates that all necessary parties were served with this document via the Court's CM/ECF System.


                                                                 /s/ *Eric C. Peterson*